IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE D. WHITE,

    Petitioner,               No. 2:10-cv-03379 MCE KJN P

    vs.

BRUNO STOLC, Warden,
Red Rock Correctional Center,
MATTHEW CATE, Secretary,
California Director of Corrections,
MELISSA LEA, Chief Deputy Warden,
California Out of State Correctional
Facility Unit,                            ORDER and

    Respondents.         FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel and in forma pauperis, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated in Arizona, pursuant to the authority of the California Department of Corrections and Rehabilitation. Petitioner challenges his 2003 conviction in San Joaquin County Superior Court. The court ordered service of the petition on respondent[1] on January 4, 2011. Presently pending before the court are respondents' motion to dismiss the petition (Dkt. No. 13), and

---

[1] The term "respondent" as used in the body of this order is intended to refer to all respondents, who are jointly represented by the California Attorney General.

1

petitioner's motion to supplement his traverse (Dkt. No. 19), filed in tandem with his opposition to respondents' motion to dismiss. For the following reasons, the court recommends that respondents' motion to dismiss be granted.

BACKGROUND

On October 10, 2003, petitioner entered a plea agreement on a charge of voluntary manslaughter, resulting in a sentence of 11 years, imposed on November 3, 2003. (Lodged Document ("Ldgd. Doc.") No. 1 (San Joaquin Superior Court Case No. SF088234B).) Although petitioner filed a direct appeal on November 25, 2003, in the California Court of Appeal, Third Appellate District (Court of Appeal Case No. C045596), he requested its dismissal in May 2004, and the appeal was dismissed by order filed May 18, 2004. (Ldgd. Doc. Nos. 2, 3.)

The following chronology identifies petitioner's subsequent state court filings and their resolution:[2]

**First State Petition**: California Supreme Court Case No. S121733

January 4, 2004: Petition for writ of habeas corpus filed in the California Supreme Court, (Ldgd. Doc. No. 4);

October 20, 2004: Petition denied, citing People v. Duvall (1995) 9 Cal. 4th 464, 474 (failure to state prima facie case for relief) (Ldgd. Doc. No. 5).

**Second State Petition**: San Joaquin County Superior Court Case No. SF088234B

November 24, 2009: Petition for writ of habeas corpus filed in the San Joaquin County Superior Court (Ldgd. Doc. No. 6);

December 22, 2009: Petition denied on both procedural grounds and on the merits (Ldgd. Doc. No. 7).

////

---

[2] Where appropriate, petitioner has been accorded the benefit of the "mailbox rule." See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts (filing date is date of deposit in institution's internal mailing system); see also Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) ("[t]he mailbox rule applies to federal and state petitions alike").

**Third State Petition**: California Court of Appeal Case No. C064594, seeking review of denial of San Joaquin County Superior Court Case No. SF088234B

| | |
|---|---|
| March 28, 2010: | Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District (Ldgd. Doc. No. 8); |
| April 8, 2010: | Petition summarily denied (Ldgd. Doc. No. 9). |

**Fourth State Petition**: California Supreme Court Case No. S181940, seeking review of denial of California Court of Appeal Case No. C064594, and San Joaquin County Superior Court Case No. SF088234B

| | |
|---|---|
| April 19, 2010: | Petition for writ of habeas corpus relief filed in the California Supreme Court (Ldgd. Doc. No. 10); |
| June 9, 2010: | Petition summarily denied (Ldgd. Doc. No. 11). |

**Fifth State Petition**: California Court of Appeal Case No. C065859

| | |
|---|---|
| August 18, 2010: | Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District (Ldgd. Doc. Doc. No. 12); |
| August 26, 2010: | Petition summarily denied (Ldgd. Doc. No. 13). |

**Sixth State Petition**: California Supreme Court Case No. S186115

| | |
|---|---|
| September 2, 2010: | Petition for writ of habeas corpus filed in the California Supreme Court (Ldgd. Doc. No. 14); |
| March 23, 2011: | Petition denied, citing In re Robbins (198) 18 Cal. 4th 770, 780; In re Clark (1993) 5 Cal. 4th 750, 767-769; In re Dixon (1953) 41 Cal. 2d 756, 759; In re Miller (1941) 17 Cal. 2d 734, 735 (case citations indicate a finding that the petition was untimely filed) (Dkt. No. 19, Exhibit). |

Petitioner filed the instant federal petition on December 15, 2010. (Dkt. No. 1.) On March 31, 2011, after respondent filed the pending motion to dismiss, petitioner filed a "Motion to Supplement Traverse," attaching a copy of the California Supreme Court's March 23, 2011 denial of review in Case No. S186115. Petitioner's motion is granted; the traverse is supplemented accordingly.

3

Respondent moves to dismiss petitioner's federal petition on the ground that it is time-barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

LEGAL STANDARDS

AEDPA's one-year statute of limitations, set forth in 28 U.S.C. § 2244, applies to all federal habeas corpus petitions filed by "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

The limitation period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] The limitation period is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Statutory tolling is not available for a state habeas petition that is "improperly filed" because untimely under California law. Lakey v. Hickman, 633 F.3d 782, 787 (9th Cir. 2011) (citing, inter alia, Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)). Thus, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single round of habeas relief -- [only] so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010). However, "[o]nly the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled."[4] Id., (citation omitted).

---

[3] Although the statute provides other means for assessing the commencement of the limitation period, 28 U.S.C. § 2244(d)(1), none are pertinent here.

[4] The Ninth Circuit has articulated a "two-part test to determine whether the period between the denial of one petition and the filing of a second petition should be tolled. First, we ask whether

4

Additionally, the limitation period may be equitably tolled if petitioner establishes that he diligently pursued his rights, but some extraordinary circumstance stood in his way. Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (citations and internal quotation marks omitted). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. . . . The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, supra, 633 F.3d at 786 (citations and internal quotation marks omitted).

DISCUSSION

In the present case, petitioner's conviction and sentence became "final" within the meaning of AEDPA, on May 28, 2004, upon expiration of the ten-day period for seeking review in the California Supreme Court, after the California Court of Appeal, on May 18, 2004, granted petitioner's request to voluntarily dismiss his direct appeal. See Rule 28, California Rules of Court; 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period commenced the following day, on May 29, 2004. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a) ("exclude the day of the event that triggers the period")). Thus, absent statutory and/or equitable tolling, the last day on which petitioner could timely file a federal petition was May 28, 2005.

The only matter filed by petitioner within this time period was the petition filed in the California Supreme Court on January 4, 2004 (California Supreme Court Case No. S121733). That petition was denied on the merits, for failure to state a claim, on October 20, 2004.

---

the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled. If the successive petition was attempting to correct deficiencies of a prior petition, however, then the prisoner is still making 'proper use of state court procedures,' and habeas review is still pending. Second, if the successive petition was not timely filed, the period between the petitions is not tolled." Banjo, 614 F. 3d at 968-69 (citations and internal quotation marks omitted).

Therefore, this matter was pending for a period of 290 days. However, the first 146 days of this period coincided with the pendency of petitioner's direct appeal. Subsequent to commencement of the limitations period on May 29, 2004, petitioner's state court petition was then pending for a period of 144 days, statutorily tolling the limitations period for that period of time. As a result, the conclusion of the limitations period was moved from May 28, 2005, to October 20, 2005.

Nevertheless, it was not until November 24, 2009, that petitioner filed his next state petition, in the San Joaquin County Superior Court. The Superior Court denied the petition as untimely, although it went on to address and reject the substance of petitioner's contentions. This petition marked the commencement of a new "round" of petitions "up the ladder" of the state court system, to the Court of Appeal and then the California Supreme Court. Banjo, supra, 614 F.3d at 968. The period of time between petitioner's 2004 and 2009 petitions was not tolled because there exists no interval tolling between separate "rounds" of state habeas petitions. Id., see also, Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (periods between different rounds of collateral attack are not tolled); Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003) (petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system). Moreover, although the Superior Court reached the merits, it expressly found that the filing of petitioner's 2009 petition was unjustifiably delayed.[5] (Ldgd. Doc. No. 7 at 1.) Even had the 2009 petition been filed during a tolled period, its untimeliness would have interrupted such tolling. Banjo, at 968-69 (untimely successive petition does not toll the period between its filing and the decision on the preceding petition).

As set forth in the chronology above, there is no basis for tolling or extending the limitations period based on petitioner's November 2009 petition or, therefore, based on any of

---

[5] The Superior Court noted petitioner's assertion that he had only became aware of pertinent new facts in 2009 (Dkt. No. 7 at 1); however, this assertion reflects only that petitioner had recently been told by another inmate of a potentially applicable California Court of Appeal case, decided in 1989 (Ldgd. Doc. No. 6, Motion at 1-2). Accordingly, this court finds no basis for equitable tolling.

petitioner's subsequent state court filings.  Expiration of AEDPA's limitations period for petitioner to file a timely petition was October 20, 2005.  Accordingly, petitioner's instant federal habeas petition, filed December 20, 2010, is untimely.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner motion to supplement the traverse (Dkt. No. 19) is granted.

Further, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (Dkt. No. 13) be granted; and

2. Petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3). Any response to objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

whit3379.mtd.hc